**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>ROBERT JOSEPH HARE,<br><br>      Defendant. | No. 09-CR-4038-DEO<br><br>**ORDER<br>ACCEPTING REPORT AND<br>RECOMMENDATION CONCERNING<br>GUILTY PLEA** |

### I. INTRODUCTION AND BACKGROUND

On November 19, 2009, at a three count Second Superseding Indictment (Docket No. 40) was returned in the above-referenced case.[1] Count 1 of that Second Superseding Indictment is the only count that pertains to defendant Robert Joseph Hare.

Count 1 of the Second Superseding Indictment charges that on or between about October 2005, and February 4, 2009, in the Northern District of Iowa and elsewhere, defendant Robert Joseph Hare, and other named co-defendants, knowingly and unlawfully combined, conspired, confederated, and agreed with

---

[1] The Court notes that on January 27, 2010, a Third Superseding Indictment (Docket No. 75) was returned against Defendant Robert Joseph Hare and his named co-defendants. This Third Superseding Indictment was filed to correct a typographical error which appeared in the Second Superseding Indictment under Count 1, ¶(4).

each other and other persons, known and unknown to the Grand Jury to:

(1) manufacture 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

(2) distribute 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

(3) distribute 50 grams or more of methamphetamine mixture, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

(4) manufacture 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, within 1,000 feet of the Marcus-Meridan-Cleghorn High School and Elementary School, located at 500 E. <u>within 1,000 feet of the Marcus-Meridan-Cleghorn High School and Elementary School, located at 500 E. Fenton, Marcus, Cherokee County, Iowa, and the Cherokee School District Early Childhood Learning Center,</u>

2

<u>located at 400 N. Roosevelt, Cherokee County, Iowa, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and 860(a)</u>; Fenton, Marcus, Cherokee County, Iowa, and the Cherokee School District Early Childhood Learning Center, located at 400 N. Roosevelt, Cherokee County, Iowa, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 860(a)(emphasis added);[2]

(5) distribute 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, within 1,000 feet of the Marcus-Meridan-Cleghorn High School and

---

[2]As previously mentioned, ¶(4) of the Second Superseding Indictment contained a typographical error consisting of duplicate language (as underlined above). The Third Superseding Indictment was filed after Defendant Robert Joseph Hare entered his plea of guilt to the Second Superseding Indictment. The Third Superseding Indictment corrected the typographical error underlined above and now reads:
> (4) manufacture 50 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, within 1,000 feet of the Marcus-Meridan-Cleghorn High School and Elementary School, located at 500 E. Fenton, Marcus, Cherokee County, Iowa, and the Cherokee School District Early Childhood Learning Center, located at 400 N. Roosevelt, Cherokee County, Iowa, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 860(a).

Elementary School, located at 500 E. Fenton, Marcus, Cherokee County, Iowa, and the Cherokee County School District Early Childhood Learning Center, located at 400 N. Roosevelt, Cherokee County, Iowa, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 860(a);

(6) distribute 50 grams or more of methamphetamine mixture, a Schedule II controlled substance, within 1,000 feet of the Marcus-Meridan-Cleghorn High School and Elementary School, located at 500 E. Fenton, Marcus, Cherokee County, Iowa, and the Cherokee School District Early Childhood Learning Center, located at 400 N. Roosevelt, Cherokee County, Iowa, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 860(a);

(7) distribute pseudoephedrine, a List I chemical, knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(2); and

(8) possess pseudoephedrine, a List I chemical, with intent to manufacture methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States

4

Code, Section 841(c)(1);

after defendant, Robert Joseph Hare, was previously convicted of at least one felony drug offense, to wit: on April 25, 2005, defendant, Robert Joseph Hare, was convicted in the Iowa District Court for Cherokee County, of the felony crime of Distribution of Marijuana to Persons Under 18, in Case Number FECR022395.

This was in violation of Title 21, United States Code, Sections 846, 851, and 860(a).

The Second Superseding Indictment contains a forfeiture allegation stating that upon conviction of one or more of the controlled substance offenses alleged in Count 1 of this Indictment, co-defendants and defendant Robert Joseph Hare shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner, or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

MONEY JUDGMENT

A sum of money equal to $10,000 in United States currency, representing the amount of proceeds generated from illegal activity.

If any of the above-described forfeitable property, as a result of any actual or omission of the defendant:

1) cannot be located upon the exercise of due diligence;
2) has been transferred or sold to, or deposited with, a third party;
3) has been placed beyond the jurisdiction of the court;
4) has been substantially diminished in value; or
5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. §853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

On December 10, 2009, defendant Robert Joseph Hare appeared before Chief United States Magistrate Judge Paul A.

Zoss and entered a plea of guilty to Count 1 the Second Superseding Indictment, under a plea agreement filed under seal at Docket No. 64.

In the Report and Recommendation (Docket No. 61, 12/10/2009), Chief United States Magistrate Judge Paul A. Zoss recommends that defendant Robert Joseph Hare's guilty plea be accepted. No objections to Judge Zoss's Report and Recommendation were filed. The Court, therefore, undertakes the necessary review to accept defendant Robert Joseph Hare's plea in this case.

## II.  ANALYSIS

### A.  Standard of Review

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner

7

petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

In this case, no objections have been filed, and it appears to the Court upon review of Chief Magistrate Judge Zoss's findings and conclusions that there are no grounds to reject or modify them.

**IT IS THEREFORE HEREBY ORDERED** that this Court accepts Chief Magistrate Judge Zoss's Report and Recommendation (Docket No. 61), and accepts defendant Robert Joseph Hare's plea of guilty in this case to Count 1 of the Second Superseding Indictment (Docket No. 40).

**IT IS FURTHER HEREBY ORDERED** that by reason of this plea of guilty to the Second Superseding Indictment, the charge against this Defendant in the Third Superseding Indictment

8

cannot be maintained against him and will be dismissed by this Court at the time of sentencing in this proceeding.

**IT IS SO ORDERED** this 4th day of February, 2010.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa